**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| United States of America, | CASE NO. 12cr1599 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| Hilario Rodriguez, | |
| Defendant. | |

HAYES, Judge:

    The matter before the Court is the motion to suppress statements filed by Defendant Hilario Rodriguez. (ECF No. 14).

**BACKGROUND FACTS**

    On March 27, 2012, Defendant Rodriguez entered the United States from Mexico at the Otay Mesa, California, Port of Entry as the driver and sole occupant of a 1999 Dodge Dakota. Defendant was referred to secondary inspection. Customs and Border Protection Officers found marijuana hidden inside the vehicle. Defendant was arrested. At 3:35 p.m. on March 27, 2012, Defendant was interviewed by Special Agent Alex Mercado and Special Agent Jarrod Pasciucco. Defendant was read his *Miranda* rights by Special Agent Mercado. The transcript of the interview shows that Defendant acknowledged that he understood his *Miranda* rights and invoked his right to an attorney.

    The transcript states in relevant part:

    Mercado:    You have the right to consult an attorney before you make any statement, answer any questions.

| | | |
|---|---|---|
| 1 | | You have the right to have an attorney present with you-read with me, please-during the questioning. If you cannot pay an attorney, one will be provided for you before we ask any questions if you so wish, okay? |
| 2 | | |
| 3 | | |
| | Defendant: | Mmm-hmm. |
| 4 | Mercado: | If you decide to answer our questions now, you still retain the right to stop the questioning at any time or stop the questioning for the purpose of consulting with an attorney. Do you understand the rights that I just read to you? |
| 5 | | |
| 6 | | |
| | Defendant: | Yes. |
| 7 | Mercado: | Okay, then, if you wish to talk to us, eh, you can tell me so now, then. |
| 8 | Defendant: | Eh, so, if I have the right to an attorney, I would like to, it's best to, firstly, since you– |
| 9 | Mercado: | Mmm-hmm. |
| | Defendant: | –grant people those privileges– |
| 10 | Mercado: | Mmm-hmm, correct. |
| | Defendant: | –right? It is a privilege that-that you grant me– |
| 11 | Mercado: | Mmm-hmm. |
| | Defendant: | –and I appreciate that of you. |
| 12 | Mercado: | Okay. |
| | Defendant: | I would like, first– |
| 13 | Mercado: | Mmm-hmm- *he wants a lawyer*. |
| | Pasciucco: | *Mmm-hmm*. |
| 14 | Mercado: | Okay. |
| | Defendant: | –have an atto- an attorney. |
| 15 | Mercado: | No problem. So, well– |
| | Defendant: | Just that–could I put on my jacket? Because I am cold. |
| 16 | | |
| | Mercado: | *I think*-yes, no problem. I mean, in a minute I'll ask an officer so you ha- put on your jacket, and then. |
| 17 | | |
| 18 | Defendant: | Mmm-hmm. |
| | Mercado: | *Invoked, right?* |
| 19 | Defendant: | Because I understand– |
| | Mercado: | No, no. |
| 20 | Defendant: | –that what you don't want is for someone to have something on hand with which to hurt them self, but I– |
| 21 | | |
| | Mercado: | No, no problem, no problem. |
| 22 | Defendant: | –I am not one of those people because still, not even my life is my own. It's– |
| 23 | Mercado: | No, of course. |
| | Defendant: | –it's my lord God's. |
| 24 | Mercado: | Yes, yes. So it is–and that is fine. But, all the same, if you . . . don't have anything to hide, you can also tell us, see? |
| 25 | | |
| | Defendant: | Yes. Yes, but I don't-don't have anything to hide, just a mistake I made in having accepted the help of-of someone who– |
| 26 | | |
| 27 | Mercado: | Mmm-hmm. |
| | Defendant: | –who maybe isn't even named like-like the little truck says there. |
| 28 | | |
| | Mercado: | Mmm-hmm. |

| | | |
|---|---|---|
| Defendant: | Um, with another name, I don't know. | |
| Mercado: | Mmm-hmm. Well, then . . . it's . . . | |
| Defendant: | Just– | |
| Mercado: | . . . it's your-it's your-it's your-it's your decision, see? | |
| Defendant: | Mmm-hmm. | |
| Mercado: | Whether you want to talk to us or not, see? | |
| Defendant: | Yes. | |
| Mercado: | So, you don't-don't wish to talk to us? | |
| Defendant: | Well, firstly, if you will excuse me, first I want to speak to the attorney because, well– | |
| Mercado: | No problem. | |

(ECF No. 14-2 at 3-5). On April 25, 2012, the grand jury returned an indictment charging Defendant with knowingly and intentionally importing fifty kilograms and more of marijuana, in violation of Title 21, United States Code, Sections 952 and 960.

## RULING OF THE COURT

Defendant moves this court to suppress his post-arrest statements on the grounds that he invoked his right to counsel at the initial stage of the interview. The Government contends that Defendant did not conclusively invoke his right to counsel. The Government contends that Defendant made a spontaneous post-arrest statement indicating that he made "a mistake" which can be used against him at trial. (ECF No. 15 at 16).

In *Miranda v. Arizona*, the Supreme Court held that once a defendant in custody invokes the right to counsel, all interrogation must cease until a lawyer is present. *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). "The term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police [. . .] that the police should know are reasonably likely to elicit an incriminating response from the subject." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). If the defendant's "incriminating response was the product of words or actions on the part of the police that [the police] should have known were reasonably likely to elicit an incriminating response," the statement is protected by the Fifth Amendment privilege against self-incrimination. *Id*. at 303.

The interview with Defendant in the Spanish language was recorded on videotape. The Court has reviewed the video and the English language transcript prepared from the videotape. The transcript shows that Defendant was informed of his *Miranda* rights by

1  Special Agent Mercado. Special Agent Mercado stated that Defendant had the right to
2  counsel. Defendant stated "I would like first . . . [to] have an attorney," and conclusively
3  invoked his right to counsel. (ECF No. 14-2 at 4). Special Agent Mercado stated to
4  Special Agent Pasciucco, "[h]e wants a lawyer." (ECF No. 14-2 at 4). Subsequent to the
5  acknowledgment that Defendant had invoked his right to counsel, Special Agent Mercado
6  asked Defendant, "if you . . . don't have anything to hide, you can also tell us, see?" (ECF
7  No. 14-2 at 4). The Court finds that Special Agent Mercado continued to question
8  Defendant and should have known that his question was likely to evoke an incriminating
9  response.
10     IT IS HEREBY ORDERED that the motion to suppress statements filed by
11  Defendant (ECF No. 14) is GRANTED.
12  DATED: July 10, 2012

**WILLIAM Q. HAYES**
United States District Judge